VIVIAN, Treasurer, etc., vs. OTIS and others.

*Liability of surety on official bond.*

Where the office of county treasurer is held by the same person for two successive terms, the sureties on his bond for the second term are not liable for moneys which should have been in his hands as such treasurer at the commencement of that term, but which he had in fact converted during his first term.

APPEAL from the Circuit Court for *Iowa* County

Action on an official bond, for defalcation in office. The facts are stated in the opinion.  Verdict for the plaintiff, for $1,412 damages.  Plaintiff's motion to set aside the verdict, on the ground that the damages allowed him were less than he was entitled to recover, and for various alleged errors, was denied; and he appealed from a judgment on the verdict.

*Smith & Cothren*, for appellant.

*Reese & Molks*, for respondent.

COLE, J.  The facts upon which the questions of law arise in this case are few.  The defendant *George H. Otis* was elected to and held the office of clerk of the county board of supervisors of Iowa county, for two

terms. The first term commenced January, 1865, and ended January 7th, 1867; the second term commenced January 7th, 1867, and ended January 4th, 1869. This action is brought upon the official bond given by *Otis* for the second term, for an alleged default in the non-payment to his successor in office, after demand, of the sum of $3,571.97. There was a judgment against *Otis* and the sureties of the bond, for the sum of $1,412. At the settlement made with the clerk by the board at the close of his first term, January 7th, 1867, the clerk reported that there was in his hands, as redemption money, the sum of $3,119.97. He was charged with that amount in the settlement, and gave a receipt to the board for the same.

On the trial, *Otis* was sworn as a witness on behalf of the defendants, and was allowed to testify, against the objection of the plaintiff, that when he made his settlement with the board, in January, 1867, instead of having in his hands the sum he reported and charged himself with at the time, he in fact had on hand only $950 or $960. There is no controversy but that the sum of $3,571.97 is due the county from *Otis*, and the only question is, whether the sureties on the second bond are liable for the whole deficiency.

On the part of the county it is claimed, that under the circumstances the sureties on the second bond are liable for this entire amount; that as the law required the clerk to pay over to his successor in office all redemption money in his hands, and as he was his own successor, to whom he was to pay over, the sureties on the second bond became responsible for his receiving from himself the accumulated receipts of the former term, and for his having in his possession the amount by him reported as in his hands, as well as for the faithful disbursement of that amount during his second term. The court below negatived this view of the liability of the sureties upon the second bond, in effect holding, in the

various instructions given the jury, that the sureties upon that bond were only responsible for the amount of defalcation occurring during the term for which they became surety; that while the settlement made by *Otis* at the end of his first term showed that he was then owing the county the sum of $3,119.97, yet the sureties might reduce that amount by showing that *Otis* was a defaulter at that time, and had appropriated and converted a portion of that sum to his own use; and that whatever sum he had thus appropriated and converted should be subtracted from the amount for which they were sued. It appears to us that this was a correct statement of the principles of law applicable to the facts of the case. There is certainly nothing in the language of the bond which authorizes the assumption that the sureties therein undertook not only for the future but also for the past fidelity of *Otis*, and that they would be responsible for moneys which he had appropriated during his first term. They obligate themselves that *Otis* "shall faithfully perform all the duties of said office, and shall pay over all moneys that may come into his hands, as such clerk, as required by law." For any moneys paid *Otis* prior to the execution of this bond, and in his hands at the commencement of the second term, the sureties therein became answerable to the county. But if he had already appropriated to his own use any of those moneys, he had been guilty of a breach of duty; it was a past delinquency or default, for which they never became responsible. How does the fact that *Otis* was his own successor change the principle of law, or enlarge the liability of the sureties on the second bond? They did not undertake to make good any money which he had already misappropriated. It was only for defaults which might accrue during the second term that they became responsible. That new sureties are not responsible for prior defalcations, unless the condition of the new obligation shall embrace them, is a

principle which has frequently been decided by the courts. *Farrar & Brown v. The United States*, 5 Peters, 373; *The United States v. Boyd et al.*, 15 id. 187; *United States v. Linn et al.*, 1 Howard (U. S.), 104; *Myers v. The United States*, 1 McLean, 493; *Postmaster General v. Nowell*, Gilpin, 106; *The County of Mahaska v. Ingalls*, 16 Iowa, 81; and *Bessinger v. Dickerson*, 20 id. 261.

In this case, the sureties on the second bond became liable for the faithful performance of the duties of the office by their principal for the second term, and that he would pay over all moneys remaining in his hands when the bond was executed, or which might come into his hands. So far the court below held them answerable; and a recovery has been had for a breach of that duty. If *Otis* had not the money in his hands which he reported January 7, 1867, it was because he had previously misapplied it in violation of his duty as clerk. And the question is, Shall the sureties on this bond be held liable for defaults which occurred in the former term? Or must the sureties in the different bonds be responsible for the misconduct and defalcation of each period for which they obligated themselves? It is a familiar principle, that "the obligation of a surety is a matter of strict law, and can never arise by implication. The bond must speak for itself, and its language can never be extended or altered, to the injury of the surety." *Myers v. The United States, supra*. It would be a violation of this elementary principle, to hold the sureties on the last bond liable for the defaults of the first as well as the second term.

This is the important question in the case, and is decisive of all other points discussed by counsel. On the whole case we think the judgment clearly right, and that it must be affirmed.

*By the Court.* — Judgment affirmed.