## G. W. HETTEN ET AL v. R. N. LANE.

1. AMENDMENT TO PETITION AFTER PLEA IN ABATEMENT.—Where suit was brought against the principal in a bond as a transient person joined with his sureties residing in another county, and the defendants pleaded in abatement, it was competent for plaintiff by amendment to allege the residence of the principal to be in the county where suit was brought; he is not concluded by the averment in the original petition.

2. RESIDENCE.—See facts held sufficient proof of.

3. LIABILITY OF SURETIES ON OFFICIAL BOND.—Sureties on the official bond of an officer are not liable for moneys misapplied before the date of such bond. But in a suit on such bond, accompanied by an account as part of the petition, which showed an indebtedness of the officers at the date of the bond, it is held, upon proof of such account, that the presumption is that such funds were in the hands of the principal officially, and it devolved on the sureties to prove the misappropriation of the money prior to the execution of the bond.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

R. N. Lane, appellee, was the United States collector of internal revenue for the 3d district of Texas; G. W. Hetten, one of the appellants, was appointed his deputy to act for him in the counties of Comal and Hays. This appointment was made on the 27th day of April, 1867, and on that day Hetten, as principal, executed his bond to Lane for the faithful performance of his duties as deputy, with Theodore Kœster, John F. Torrey, and Franz Moureau as his sureties, in the sum of $10,000.

On the 3d day of November, 1871, Lane brought suit in the District Court of Travis county against Hetten and his sureties for a breach of the conditions of said bond, claiming that Hetten, as deputy, had collected, failed to turn over and account for, and had appropriated to himself moneys had and received by virtue of his office, amounting in the aggregate to the sum of $4,857.09. He also filed with his petition an account current between himself and Hetten.

The following portions of the original petition were relied on to give jurisdiction, to wit: "Your petitioner, R. N. Lane, a citizen of Travis county and State of Texas, complaining of Gustavus William Hetten, who signs his name G. W. Hetten, Theodore Kœster, John F. Torrey, and Franz Moureau, the last three of whom are citizens of the county of Comal, while the said Hetten is a transient person, but temporarily residing in the county of Travis, State of Texas, respectfully represents:

"1st. That heretofore, to wit, on the —— day of ——, A. D. 1867, petitioner was duly appointed, commissioned, sworn and qualified according to law, to the office of collector of internal revenue for the third district of Texas.

"2d. That while acting as such officer on the 27th day of April, 1867, or a few days prior thereto, your petitioner appointed the said Gustavus William Hetten deputy collector of internal revenue for said third district of Texas, and the said Gustavus William Hetten, having qualified

according to law on the said twenty-seventh day of April, A. D. 1867, entered upon the discharge of his said duties as said deputy collector; that, however, previously to entering upon the discharge of his said duties as such deputy collector, he made, executed, and delivered to petitioner his certain bond or obligation in writing, whereon and wherein the said Theodore Kœster, John F. Torrey, and Franz Moureau became and are sureties, each and all of whom executed and delivered the said bond or obligation in writing to your petitioner, a copy of said bond being hereto attached as exhibit No. 1, and prayed to be taken as a part hereof." The conditions of the bond were as follows: "Now, therefore, if the said Gustavus William Hetten shall truly and faithfully execute and discharge all the duties of the said office according to law, and shall justly and faithfully account for and pay over to the said Richard N. Lane, in compliance with the orders and regulations of the said Lane, all public moneys which may come into his hands or possession, then the above obligation to be void and of no effect, otherwise it shall abide and remain in full force."

The petition then set out the breaches of the condition of the bond and prayed judgment for all sums found due, for costs, and for general relief.

On the 8th of February, 1872, Hetten filed his plea in abatement to the jurisdiction of the court, alleging that his residence and domicile were at the date of the institution of the suit, and for six years before, in Comal county, Texas. On the same day the other defendants filed their plea in abatement to the jurisdiction of the court, alleging that the petition itself showed that the suit, if brought at all, could only be brought in Comal county.

On the 16th of February, 1872, plaintiff amended his petition, and alleged that Hetten's residence at the time of bringing the suit, and for a long time anterior thereto, was in Travis county; and by another amendment, filed on same day, he alleged that the obligation of Hetten was to

be performed in the county of Travis, where was the home, residence, and domicile of the plaintiff, R. N. Lane.

There was a trial upon these pleas in abatement, and a verdict of a jury finding Hetten's residence on the 3d of November, 1871, to be in Travis county. There was a judgment against defendants, a motion for a new trial overruled, and an appeal. The cause was then continued with leave to defendants to plead over to the merits. On the 18th March, 1872, defendants filed their answer, consisting of a general demurrer and several special exceptions, also a general denial and pleas of payments, and other matters in avoidance of the action.

On the 9th of October, 1873, the sureties amended their answer and alleged that, according to the account exhibited by the plaintiff in his petition against defendants, it appeared that a large portion of the amount claimed by Lane of Hetten had accrued and was due prior to the date of the bond aforesaid, and that they, the sureties, were not liable for any portion of the indebtedness due prior to the date of said bond.

On the 15th day of February, 1873, the case was tried and the following verdict rendered by the jury, viz: "We, the jury, find for the plaintiff in the sum of three thousand dollars, with interest at the rate of eight per cent. per annum from the 1st January, 1869, to present time," and judgment was rendered against all the defendants in accordance with this verdict.

The defendants made a motion in arrest of judgment and for a new trial, which being overruled, they appealed.

The evidence on the plea in abatement was substantially as follows: Defendant read in evidence a certified copy of a petition filed by plaintiff Lane against defendants in this identical cause of action in the Circuit Court of the United States for the western district of Texas, on the 13th May, 1870, in which Lane alleged the residence of Hetten, as well as his co-defendants, to be in Comal county, Texas.

Hetten, the defendant, testified that his domicile was in Comal county, and that he had resided in said county since 1866; that he had not been regularly employed in Comal since January, 1870, at which time he went to Houston, returning to Braunfels in May. Afterwards he had been employed at intervals in Galveston, Houston, and Austin, up to the present time; that in 1871 he went to Galveston and worked about six weeks in a cotton press, and from there he went to Austin. He had no property at Braunfels but some shares in the woolen factory, but had a room at Torrey's house there; that in June, 1871, he was indicted in the federal court at Austin, and that Lane had also sued him and his sureties in said court; that the indictment grew out of the same matter; that he intended, as soon as these cases were settled, to go back to Braunfels, if he could find anything to do; that he had never told Major Walton that he was living in Austin; that he had told Walton that he could not get away from Austin, and, furthermore, that he was staying at Austin for the purpose of giving confidence to his bondsmen, Walton, Moureau, and White, for his appearance at the federal court to answer the indictment; that they had never expressed any distrust of him, or asked him to remain; that he had been employed about six weeks at Austin by a Mr. Church, and had also tried to get employment from others; that he wanted to get employment while waiting a settlement of his difficulties in the federal court at Austin; that he did not know when he would go to Braunfels, or what he would do when he got there; that he had no home there to which he could go, or at which he could stay without paying board.

W. M. Walton testified for plaintiff that about the 1st or 2d of November, 1871, he met Hetten on the avenue in Austin, and asked him, where is your home? To which Hetten replied, I am living here; I am not as well off as before; I haven't a hole to go into, and have not soles to my shoes. That he asked the question with a view to

bringing this suit, whether in Travis or Comal county, and the answer of Hetten to his question determined him as to where the suit should be brought, and that he accordingly brought the suit in Travis.

The exhibit, made part of the petition, showing, or purporting to show, the state of the account of defendant with plaintiff, contained many items extending over the official acts of Hetten prior to the execution of the bond sued on. The account showed at that date a large balance due Lane, to which sum, and to the evidence sustaining the same, the sureties objected in their pleadings as not liable, and to the testimony as irrelevant. The testimony was conflicting as to many credits claimed by Hetten. The facts on the final trial sufficiently appear in the opinion.

The court instructed the jury as follows:

"This is an action to recover of the defendants (Hetten as principal and the others as sureties on a bond) certain moneys collected by the defendant, Hetten, and not paid over or accounted for by him.

"If you find from the evidence that Hetten collected any money, as a deputy collector of internal revenue under the plaintiff or by the appointment of plaintiff, which he has not paid over or legally accounted for, then he is liable to the plaintiff for the amount not paid over or accounted for, with interest at the rate of eight per cent. per annum from the 1st of January, 1869, to the present time.

"The defendant is not liable for the amount of the assessments put into his hands, but is liable for all the money actually collected by him and not paid over. The sureties are liable jointly with Hetten for all moneys collected by Hetten and not paid over after the date of the bond.

"If you find that the evidence and the state of the account between the plaintiff and Hetten requires it, you may return two verdicts: 1st. We, the jury, find for the plaintiff against the defendants, jointly, $———, (such sum as you find due under the bond.) Next. We, the jury, find

for the plaintiff and against defendant Hetten $ ———— , (such sum as you find he is separately liable for.)

"If you find that Hetten faithfully paid over or accounted legally for all the money that he collected, then you will return a verdict for the defendant."

The sureties asked the following instructions:

"That a surety can only be bound from the date of his bond; that the contract of the sureties is that the officer shall pay over all moneys that shall come into his hands after the execution of the bond; to apply it to any other purpose than a discharge of the liability arising subsequently to the bond, and hold the sureties responsible, would be an essential alteration in the contract, not an alteration in form, but in substance.

"If the jury believe from the testimony that defendant Hetten became indebted to Lane prior to the date of the execution of the bond, (to wit, 27th April, 1867,) then the sureties on Hetten's bond are not liable for any such amount so due and owing by Hetten at said date of bond; and in finding your verdict, you will ascertain the amount so due by Hetten to have been before the 27th April, 1867, and deduct said amount from the general balance on the whole amount as proven by Lane, and find a verdict for the balance for plaintiff or sureties, as the case may be."

*John P. White & James H. Burts*, for appellants, cited on the question of *residence*, Paschal's Dig., art. 1423; Pool *v.* Pickett, 8 Tex., 122; Bouv. Law Dict., p. 443; Somerville *v.* Somerville, 5 Ves., 750; Gouhenant *v.* Cockrell, 20 Tex., 96; Brown *v.* Boulden, 18 Tex , 431; Wilson *v.* Bridgeman, 24 Tex., 615; Tucker *v.* Anderson, 27 Tex., 276; Blucher *v.* Milsted, 31 Tex., 621 ; Walker *v.* Walker, 22 Tex., 331; Brown *v.* Read, 33 Tex., 629.

No items of account prior to Hetten's appointment should have been admitted or considered in evidence because there were no allegations to support such testimony. (Mims *v.*

Mitchell, 1 Tex., 447; Carter v. Wallace 2 Tex., 206; Coles v. Kelsey, 2 Tex., 541; Caldwell v. Haley, 3 Tex., 317; Hall v. Jackson, 3 Tex., 309; Wright v. Wright, 3 Tex., 168; State v. Thorn, 3 Tex., 499; Paul v. Perez, 7 Tex., 345; Roseborough v. Gorman, 6 Tex., 314; Gammage v. Alexander, 14 Tex., 418; Burnett v. Henderson, 21 Tex., 590; Cain v. Mack, 33 Tex., 135.)

It was only for Hetten's official integrity subsequent to their bond that the sureties were liable. (Vivian v. Otis, 24 Wis., 518; Farrar & Brown v. The United States, 5 Pet., 373; The United States v. Boyd et al., 15 Pet., 187; The United States v. Linn et al., 1 How., (U. S.,) 104; Myers v. United States, 1 McLean, 493; Postmaster General v. Norvell, Gilpin, 106; The County of Mahaska v. Ingalls, 16 Iowa, 81; Bessinger v. Dickerson, 20 Iowa, 261; Inhabitants of Rochester v. Randall, 105 Mass., 295; The United States v. Giles, 9 Cranch, 212.)

*H. L. Bentley*, for appellee, filed a brief showing much learning and ability.

Gould, Associate Justice.—Appellee, who had been United States collector of internal revenue for the third district of Texas, brought suit in the District Court of Travis county against his deputy, Hetten, and securities, on his bond given to Lane on April 27, 1867, conditioned to be void if said Hetten "shall truly and faithfully execute and discharge all the duties of the said office according to law, and shall justly and faithfully account for and pay over to the said R. N. Lane, in compliance with the rules and regulations of said Lane, all public moneys which may come into his hands or possession. The petition charged that Hetten, as deputy collector, had collected and failed to pay over the sum of $4,857.09, and made an account, filed with the petition, a part thereof. In the original petition Hetten is described as a "transient person,

but temporarily residing in the county of Travis," and his sureties, the other defendants, are stated to be residents of Comal county. Hetten pleaded in abatement that his domicile and residence was in Comal county, and his sureties also pleaded that according to the averments of the petition the suit should have been brought in Comal county. The plaintiff having amended his petition so as to allege that Hetten's residence at the time the suit was brought was and had long been in Travis county, the issue thus made on the pleas in abatement was submitted to a jury, and a verdict was returned that Hetten, at the time the suit was brought, resided in Travis county. At this stage of the case a motion for new trial was made, and being overruled a regular statement of facts, embodying the evidence on the question of residence, was filed and approved, and comes up as a part of the record.

Besides excepting to the petition, both generally and specially, and pleading that Hetten was entitled to credits not allowed, and was not in fact at all in arrears, the sureties did set up that Hetten had been acting as agent (deputy) for Lane prior to his appointment as deputy and the date of the bond sued on; that the sum of $3,094.93 was owing by Hetten before that time, and was a part of the indebtedness claimed by plaintiff, and that for this his sureties were not liable. The trial resulted in a judgment against defendant and sureties for $3,000, with 8 per cent. interest from January, 1869.

One ground of error (assigned, however, only in what purported to be an assignment of errors filed at the term the plea in abatement was tried, and not in the assignment filed after the appeal was perfected) is, that the verdict on the plea in abatement is contrary to the law and evidence, and in the briefs of counsel on both sides the law of domicile has been discussed at length. It does not appear that on the trial of the issue as to domicile or residence any instructions as to the law were given or that any were asked

by either party. The question submitted to the jury, apparently without objection at the time, was, "Did the defendant, Hetten, have any residence in Texas on the 3d of November, 1871, and if so, where?" The answer was, "Yes; Travis county." The question presented is simply one of fact, and looking at the evidence we cannot say that the verdict should have been set aside.

The plaintiff having amended so as to correct the statement in his original petition that Hetten was a transient person, was not concluded by that averment. (Ward *v.* Lathrop, 11 Tex., 287; Coats *v.* Elliott, 23 Tex., 612.)

The evidence shows that Hetten acted as agent for Lane for some six months before he was appointed and gave bond as deputy, and that whilst he was agent he received and paid over large sums of money. The account filed with the petition contained both debits and credits of large sums during the agency and prior to the date of the bond. It is said in argument that evidence was improperly admitted of matters transpiring before the bond. The exceptions to the petition did not embrace any objection to the nature of the account filed. Regarding the account as a part of his petition, it was competent for him to introduce evidence of its correctness. In Burnett *v.* Henderson, 21 Tex., 588, cited by appellee, it does not appear that the account was made an exhibit, and objection was made to the evidence at the time. Here no bill of exceptions presents any such ruling for revision.

It is contended that by the terms of the bond it was prospective, and that the sureties were only bound for moneys collected after the bond was given and not for delinquencies prior to that time. This proposition is believed to be correct to the extent that for moneys collected and *misapplied* before the bond the sureties were not liable. (United States *v.* Eckford's Exr's, 1 How., 250; Vivian *v.* Otis, 24 Wis., 518, cited by appellant.) But it seems that moneys on hand at the time of his appointment would be

from that time in his hands officially, and that the burden of showing a previous misappropriation would devolve on the sureties. (*Id.*) That there was a balance against him at that date is not of itself sufficient evidence that at that date he had misapplied that amount. The charge asked by the sureties and refused by the court was to the effect that if there was any amount due by Hetten to Lane before April 27, 1867, that amount was to be deducted from the general balance on the whole account. It was not error to refuse this charge, as asked, because, as we have seen, there may have been a balance then against Hetten without any such default or misappropriation by him. It is to be remarked also that defendant Hetten himself testifies that " he had fully settled up for all amounts collected by him while acting as agent for plaintiff from October, 1866, to April, 1867." In the face of his own testimony, showing that in reality he was not then in arrears, the refusal of the charge asked would afford no good grounds for reversal, though it had embodied a correct abstract legal proposition.

The same may be said of the charge actually given. It would have been more satisfactory if the court had more distinctly instructed the jury that the securities were not liable for moneys collected and misappropriated before the bond. As given, the charge is certainly obscure, if not contradictory. But as the evidence of Hetten negatives any such misappropriation we do not think the charge affords ground for reversal. In this connection it may be remarked that the assignment of errors to the charge reads: "The court erred in the instructions given to the jury in this, that said instructions directed the jury to find interest on the amount proved to be due from the 1st day of January, 1869." In strictness, this does not bring up the charge at large for revision.

It is contended that the verdict of the jury is against the evidence, especially as far as regards the sureties. An examination of the evidence of Lane and Hetten shows that

19

the controversy was rather about credits claimed than about the debits in the account. The evidence certainly did satisfactorily establish that Hetten was entitled to various credits which had not been allowed by Lane. The jury by their verdict reduced the amount claimed largely—from $4,857 to $3,000—and must have given defendant the benefit of those credits which the evidence most strongly established. It is equally clear that they did not allow all the credits to which Hetten testified that he was entitled. The evidence of Hetten and Lane is conflicting as to the amount paid over on October 29, 1867. In such a case a finding either way will not ordinarily be disturbed. The claim for commissions on amount collected as agent is contradicted by Lane and by Vaughan. The claim for amount due on pay accounts as assistant assessor is indirectly contradicted by the testimony of Brauback. The item of $300, assessed against the New Braunsfel Manufacturing Company, though never collected, appears a correct charge under the evidence, as having been lost to Lane by Hetten's neglect. As to these and one or two other items, the evidence is such that the verdict of the jury cannot be disturbed, and if they are not allowed as credits the verdict of the jury is substantially correct. A careful examination of the evidence leads us to the conclusion that the verdict cannot be said to be against evidence.

There was no error in overruling the exceptions to the petition. The manner in which the account filed with the petition was made was certainly objectionable, and if the point had been made we think the plaintiff might have been required to state his account, showing only the transactions from the date of the bond. But as presented in the record, the rulings in the exceptions and the other points assigned for error are not regarded as presenting any question requiring discussion.

The judgment is affirmed.

AFFIRMED.