# CHARLESTON.

## GRAFTON *v.* REED.

*(HOLT, JUDGE, absent.)

Submitted June 12, 1890.—Decided November 28, 1890.

BONDS—SURETIES—OFFICERS—RECORDS—EVIDENCE.

. In the year 1877, R. was appointed sergeant of the town of

---

*Case submitted before Judge Holt's appointment.

Grafton and as such gave bond with several sureties in the penalty of twelve thousand dollars. In the year 1879, R. was again appointed sergeant of said town and executed his bond with several sureties in the penalty of same amount, both of which bonds were conditioned for the faithful discharge of his duties as such officer and for paying over and accounting for all moneys, which might come into his hands by virtue thereof. A balance was ascertained to be due said town from said R. of one thousand and eighty eight dollars and ninety cents for taxes, licenses, *etc.*, received by him in the year 1877. In a settlement made with said town on the 25th day of July, 1881, it appears that on July 23, 1881, R. paid by surrendering receipts, vouchers, *etc.*, one thousand six hundred and twenty eight dollars and forty five cents, but it does not appear from what source he derived the money which he paid for such vouchers, *etc.* A portion of the credit to which he thus showed himself to be entitled was applied in extinguishment of said balance of one thousand and eighty eight dollars and ninety cents due from him to said town for the year 1877. In a suit upon said bond, executed in the year 1879, for failure to comply with its conditions, HELD :

I. Neither R. nor his sureties having directed the plaintiff as to the application of said credit, and it not appearing that said town had any knowledge of the source, from which the money was derived by R. that was paid for said vouchers, the plaintiff had a right to apply said credit in extinguishment of its claim against R. for one thousand and eighty eight dollars and ninety cents for balance due it for collections made on tax tickets, *etc.*, for the year 1877.

II. A municipal corporation, which is required to keep a record of its public or official proceedings, may use such records as evidence in its own behalf in suits to which it is a party after such records have been first properly authenticated.

III. Where debts are due by a town-sergeant to the town under bonds with different sets of sureties, payments made by said sergeant will be so applied, if possible, as that the money collected under one bond shall be applied to the relief of the sureties in that bond ; and, if it is shown that the creditor was cognizant of the source from which the money was derived with which a payment was made, it shall be so applied, even though the principal debtor should otherwise direct.

IV. If the sureties in the bond executed by R. in 1879 desired to obtain the entire benefit of the vouchers surrendered by R., it was incumbent on them to plead and prove that the money paid for said vouchers by R. was derived from tax tickets, *etc.*, in his hands for the year 1879, or to show that the plaintiff was cognizant of that fact, when it received the same.

*Martin & Woods* and *A. F. Haymond* for plaintiffs in error.

*F. Woods* cited:

15 Pet. 209 ; 9 Wheat. 680 ; 66 N. Y. 55 ; 1 McL. 493 ; 15 Pet. 187 ; 24 Wis. 518 ; 47 Me. 515 ; 1 Greenl. Ev. §§ 51, 63, 74 ; 1 Tayl. Ev. § 218 ; 12 W. Va. 511 ; 18 W. Va., 651 ; 2 Thomp. Trials § 2263 ; 85 Mo. 249 ; 4 Min. Inst. 703, 730, 731 ; Best Ev. (5th Ed.) 369 ; 1 Whart. Ev. § 353 ; Steph. Dig. Law Ev. § 353 ; Ang. and Ames Corp. § 679 ; 30 W. Va. 107.

*M. H. Dent* for appellee cited:

25 Gratt. 721 ; 37 Am. Rep. 224 ; 1 Dill. § 241 ; 24 W. Va. 656 ; 21 W. Va. 530 ; 16 W. Va. 376 ; 3 W. Va. 495 ; 1 Clut. Pl. 120 n. 5 ; 25 W. Va. 285 ; 30 W. Va. 107 ; Acts 1866 c. 110 s. 26.

ENGLISH, JUDGE :

Thomas M. Reed, one of the plaintiffs in error, was sergeant of the town of Grafton and as such on the 15th day of October, 1879, entered into bond with A. Snively, H. H. Guseman, A. Armstrong, Joseph Miller, and J. M. Rogers as his sureties, conditioned for the faithful discharge of the duties of said office in the penalty of twelve thousand dollars ; and on the 16th day of February, 1881, the said town of Grafton instituted an action of debt upon said bond, claiming a balance due the said town on taxes and licenses for the year 1879, as ascertained by the finance committee of said town, of two thousand five hundred and twelve dollars and eighty seven cents, with interest on same from the 1st day of January, 1880. A demurrer was sustained to the plaintiff's declaration, and an amended declaration was filed ; a demurrer to the amended declaration was overruled, and thereupon the defendants tendered an account of payments and sets-off which they desired to prove and have allowed to them. To the filing of these the plaintiff objected and moved the court to reject the same, which motion was overruled, and said account of payments and sets-off was allowed to be filed. The plaintiff also moved the court to reject and exclude from said account the item of two hun-

dred and eighty seven dollars and thirty eight cents, uncollected tax-bills or receipts remaining in said Reed's hands at the time this suit was brought, for which he claimed a credit with said town, not having had time to collect them before suit was brought, which motion was also overruled.

On the 21st day of January, 1886, the plaintiff tendered an amended bill of particulars, to the filing of which the defendants objected and moved the court to reject the same, and on the 28th day of January, 1886, the court allowed said amended bill of particulars to be filed. Thereupon the defendants moved the court to strike out of the first item of charge on the said amended bill of particulars : "Balance due on taxes 1877, one thousand and eighty eight dollars and ninety cents," which motion was overruled, and the defendants excepted. The defendants then tendered six pleas in writing, which the plaintiff moved the court to reject. The court overruled this motion and allowed the pleas to be filed ; and the plaintiff replied generally to said pleas, and issue was joined thereon.

The first of said pleas was : Conditions performed by the defendant Thomas A. Reed. The second was : Conditions performed by all of the defendants. The third was a plea of *non damnificatus.* The fourth was a plea of set-off, amounting to one hundred and forty dollars, for building seventy feet of sewer on Bridge street in the month of October, 1881, at request of plaintiff. The fifth plea was, in substance, that under the conditions of the bond sued upon the sureties therein are not liable for any taxes other than those assessed for the year 1879. The sixth plea in substance alleged, Thomas A. Reed was sergeant of said town for the year 1887, and as such gave bond in the penalty of twelve thousand dollars, conditioned for the faithful discharge of his duties as such for the year 1877 ; and that he was authorized to collect the taxes of said town for the year 1877, but that as sergeant for said town for the year 1879, as set forth in plea No. 5, the defendant Reed was not authorized to collect and did not collect any part of said taxes for the year 1877 ; and that the defendants are not liable upon the bond described in plaintiff's amended declaration for the non-payment of any of said taxes assessed for the year

1877, nor for any other breach of the conditions of said bond dated June 25, 1877; and that of the taxes assessed for the year 1879 said Reed collected and paid to the plaintiff on the 23rd day of March, 1880, the sum of one thousand and eighty eight dollars and ninety cents, which sum the piaintiff knowingly and wrongfully, and without the consent or knowledge of the defendants, applied as a credit upon the liability of the defendant Reed to it on account of taxes assessed by it for the year 1877, and refused to credit the same upon the liability of said Reed for the taxes assessed by it for the year 1879; and that it seeks in this action to charge said sum against the defendants on account of the taxes assessed as aforesaid for the year 1879, and collected by the defendant Reed, as sergeant, for the year 1879.

These pleas having been filed and the plaintiff having replied generally thereto, as before stated, the burden of proving them as a matter of course devolved upon the defendants.

The plaintiff, in order to make out its case, introduced Francis M. Durbin as a witness, who testified, that he was a member of the town-council of the town of Grafton in the year 1881, and was a member of the finance committee, and as such made a settlement with said Thomas A. Reed, a copy of which he exhibited with his deposition, by which he found due said town on the 25th day of July, 1881, two thousand five hundred and twelve dollars and eighty seven cents. No person except said Reed and witness were present at the settlement.    All he knew about the item four thousand one hundred and forty one dollars and thirty two cents charged in said settlement, was that he supposed it was made up of tax-receipts unaccounted for, and perhaps some licenses; that said Reed did not inform him where he got the money, with which he was credited, and he allowed him such vouchers as he presented and claimed at that time.

The plaintiff also proved by John J. Gilligan, that he was at the date of said trial clerk of the town of Grafton, and identified by him the book which contained the record of the proceedings of the town-council of said town; and thereupon the plaintiff gave in evidence the record of the proceedings of the town-council of said town; and thereupon

the plaintiff gave in evidence the record of the proceedings of said council dated 23d day of March, 1880, on pages 115 to 117, both inclusive, which contain the record of a settlement made by said town with said Thomas A. Reed, a sergeant thereof; and the first item, with which he appears to have been charged in said settlement, is taxes for 1877, as shown by last settlement, one thousand and eighty eight dollars and ninety cents and the next of which is taxes for 1879, five thousand and forty six dollars and seventy two cents; and the next licenses for 1879, one hundred and forty five dollars—making a total of six thousand two hundred and eighty dollars and sixty two cents. It also appears from said settlement that said Reed was then entitled to a credit of two thousand one hundred and thirty nine dollars and thirty cents for orders and treasurer's receipts returned, and commissions on same. It does not, however, appear, when the former settlement was made finding a balance against him of one thousand and eighty eight dollars and ninety cents; nor does it appear, when he became entitled to a credit for the orders and treasurer's receipts above mentioned, or what money he applied to the payment of the same. It does, however, appear from said settlement, which was made by and between the said Thomas A. Reed and the plaintiff, that a balance was found and ascertained to be due the plaintiff from said Reed as sergeant as of July 25, 1881, of two thousand five hundred and twelve dollars and eighty seven cents.

The defendants demurred to the evidence, and after issue had been joined on the demurrer moved the court to strike out of the evidence therein the record of the proceedings of the town of Grafton, filed with the said evidence of a meeting of the council of the said town held on March 23, 1880, as being improper evidence. This motion was overruled by the court, and also the defendants' demurrer to the evidence; and thereupon the defendants moved the court to set aside the verdict rendered therein by the jury, and to grant them a new trial, because the damages assessed by the jury were excessive, and the verdict was otherwise contrary to the law and the evidence; which motion was overruled by the court, and judgment

was rendered for the plaintiff for the sum of two thousand seven hundred and sixty one dollars and fifty cents, with interest thereon from the 12th day of August, 1886.

From this judgment and these rulings of the court the defendants applied for and obtained a writ of error and *supersedeas*.

The first error assigned by the defendants is that the court below erred in overruling the defendant's demurrer to the plaintiff's amended delaration; but as we fail to discover any such defect in the declaration, as would prevent the court from "proceeding upon the merits of the case," and as no reason is assigned, why said demurrer should have been sustained, either by the brief filed by counsel or otherwise, we must conclude that the point was made out of abundant caution, and was practically abandoned by counsel for defendant; but whether such was the case or not, we do not think the court erred in overruling said demurrer.

The next error assigned is that it was error to overrule the motion of defendants to reject the plaintiff's amended bill of particulars; but as no good reason is apparent why said motion should have prevailed, and none is presented by counsel for defendants in their brief, we must conclude that the point was not seriously relied on by defendants.

The third error assigned by defendants is that "it was error to overrule their motion to strike out the first item of charge in the amended bill of particulars; that is to say, 'Balance due on taxes of 1877, one thousand and eighty eight dollars and ninety cents.'" This assignment of error seems to be mainly relied on by counsel for defendant in his brief. It is true that in ascertaining the entire indebtedness of said Thomas A. Reed as sergeant to the said town of Grafton, the item of one thousand and eighty eight dollars and ninety cents balance due on taxes for 1877 was included in the aggregate of charges against him amounting to six thousand two hundred and eighty dollars and sixty two cents, but it is also true that he was credited with two thousand one hundred and thirty nine dollars and thirty cents when the balance of four thousand one hundred and

forty one dollars and thirty two cents was found against him on the 23d of March, 1880, which is the amount spoken of by the witness Francis M. Durbin as having been ascertained by a former settlement. Now, the defendant Reed was credited in said settlement with two thousand one hundred and thirty nine dollars and thirty cents, a part of which was applied by the plaintiff to the liquidation of said indebtedness of one thousand and eighty eight dollars and ninety cents for taxes *etc.*, received by him in 1877, but it nowhere appears that said sum of one thousand and eighty eight dollars and ninety cents was paid out of money collected on the tax tickets *etc.*, that went into his hands for the year 1879. He presented vouchers which entitled him to a credit of two thousand one hundred and thirty nine dollars and thirty cents, but for anything that appears in the record he may have paid for them out of his own private money, and by reason of said vouchers he was entitled to a credit to that extent on his indebtedness to the plaintiff; and unless it appears in some way that said vouchers were paid for out of money realized from taxes *etc.*, in his hands for the year 1879, the sureties of said Reed on his official bond could not object to a portion of the same or all, if necessary, being applied to the payment of said balance of one thousand and eighty eight dollars and ninety cents for taxes *etc.*, received by him in 1877.

Neither defendant Reed nor either of the sureties appears to have given any direction for the application of said credit, and in the absence of such direction the plaintiff had the right to apply such credit to either of said debts according to his pleasure, unless it was cognizant of the fact that said credit was obtained with money collected by said Reed from taxes *etc.* for the year 1879. See *Chapman* v. *Com.* 25 Gratt. 721. In that case it is held; *that* "If the debts be due by a collector or receiver of public money under bonds with different sets of sureties, then the law will so apply the payments if possible as that the money collected under one bond shall be applied to the relief of the sureties in that bond; and the creditors in such case, if he be informed as to the source from which the money with which

a payment may have been made was derived, can not apply it otherwise, even with the consent or by the direction of the principal debtor."

The sureties of said Reed, however, in the bond executed by him on the 15th day of October, 1879, could not be heard to object to the application of said receipts and vouchers presented by said Reed to the extinguishment of said balance of one thousand and eighty eight dollars and ninety cents due in the year 1877, unless they had satisfactorily shown that the money, with which said receipts and vouchers were procured, was money collected on tax-tickets, licenses *etc.*, which went into his hands for the year 1879, or that the plaintiff was informed as to the source, from which the money was derived, with which said vouchers were obtained, and that it was obtained from taxes, licenses *etc.* in his hands for collection for the year 1879; neither of which facts appears to have been proven by the defendants.

The next assignment of error relied on by the defendants is that "it was error to overrule their motion to strike out of the evidence the record of the proceedings of the town of Grafton dated March 23, 1880." Counsel for defendants in his brief insists that the only competent evidence offered by the plaintiff was the testimony of Mr. Durbin, and that it has long been settled that entries which are made in corporation books of matters relating to any property or rights claimed by them can never be evidence for them; and that it was error in the court below to overrule defendant's motion to strike out of the evidence the minutes of the plaintiff referred to by witness Durbin. Citing Ang. & A. Corp. § 679.

Now, it is true that in said section the author says: "But entries which are made in corporation books of matters relative to any property or right claimed by them can never be evidence for them unless made so by the legislature." This, I apprehend, applies exclusively to private corporations, not to municipal corporations; for in the immediate connection the author says: "It is true the following case is found in the English books: In an action by a corporation for non-payment of certain tolls,

called ' water-bailiff dues, ' an entry had been made in the corporation books as follows : ' A particular note of all such duties *etc.*, as by the water bailiffs are to be received for the use of the mayor and burgesses of Kingston according to the order prescribed and set down in a certain year, J. B. then being mayor, and continued and put in use from that time to the present day. ' This was permitted to be given in evidence. It is true that WILSON, J., before whom it was afterwards cited, stated that he was counsel in the case, and that the books were admitted by consent. " Under our statute, however, (chapter 47, s. 25, of the Code) it is provided that "the council shall cause to be kept in a well-bound book an accurate record of all its proceedings, by-laws, acts, orders, and resolutions, which shall be fully indexed and open to the inspection of any one who is required to pay taxes to any such town or village ; " and section 40 of the same chapter provides that "it shall be the duty of the recorder to keep the journal of the proceedings of the council, and have charge of and preserve the records of the city, town, or village, " *etc.*

Dillon on Municipal Corporations (4th Ed. vol. 1, § 304, 241) says : "A public or municipal corporation required by law to keep a record of its public or official proceedings may itself use such records as evidence in suits to which it is a party, but the records must first be properly authenticated. Indeed, in actions generally, including actions against agents or officers of the corporations, as individuals, the original minutes or records of the corporation are competent evidence of the acts and proceedings of the corporation. Duly authenticated copies have often been received in evidence where the original document or proceeding was of a public nature. " See *Denning* v. *Roome*, 6 Wend. 651 ; *Owings* v. *Speed*, 5 Wheat. 424. In a note to Dillon on Municipal Corporations (page 381) we find that the clerk of a city or town is, by law, the proper certifying officer to authenticate copies of the votes and ordinances thereof.

In the case under consideration, the plaintiff introduced John J. Gilligan as a witness, who testified that he was

clerk of the town of Grafton, and that the book shown him was the record of the proceedings of the town-council; and upon this evidence and identification said record was introduced.

. Our conclusion is that the court acted properly in declining to exclude the same on the motion of the defendants; and we think this evidence, coupled with the testimony of Francis M. Durbin, was sufficient to establish the plaintiff's claim; and the defendants having offered no proof in support of their plea of payment and set-off, and having also failed to show that any of the money paid out by the defendant Reed for vouchers and receipts, which were turned over to the plaintiff, and a portion of which was used in extinguishing the balance of one thousand and eighty eight dollars and ninety cents, found due from him for the year 1877, have not sustained their plea No. 6, and can not be heard to complain of the manner of the application of said credits, no direction as to their application having been given by said Reed, and the plaintiff having no knowledge, so far as the evidence shows, of the source, from which the money was received, which was represented by said vouchers, receipts etc. The court below committed no error in refusing to set aside the verdict of the jury, and grant the defendants a new trial, or in rendering judgment in favor of the plaintiff, or in declining to render judgment in favor of the defendants upon the demurrer to the evidence. The judgment of the court below must therefore be affirmed with costs to the defendant in error.

AFFIRMED.