### WILLIAM ARBUCKLE v. THE STATE OF TEXAS.

#### No. 7792.

Tax Collector — Sureties — Liability. — A tax collector re-elected was in default upon the taxes due on the last of May, 1888. He qualified and gave bond December 17, 1888, was enjoined from making collections December 21, 1888. One of his sureties in December, 1888, advanced of his own funds money paying the deficit at the May settlement, 1888, taking from the collector tax receipts for taxes for the next year, which he collected to reimburse himself. The surety so doing was a surety upon both bonds. In an action for default upon the last bond upon above facts, *held:*

1. That the surety in paying the default of his principal used his own money, as was his duty.

2. He could acquire no interest adverse to the State by taking as security the tax receipts upon the next year.

3. The taxes when paid on those receipts became money of the State, he holding it in trust for the State.

4. The State made a prima facie case when it introduced the bond and certified account from the Comptroller's Office showing the deficiency sued for.

5. To disprove the case so made it devolves upon the surety to prove that the money had been diverted before the bond sued upon was executed.

6. In absence of proof otherwise it is presumed that an officer has performed his duty, and that a tax collector has the moneys collected by him.

7. It was not shown whether the surety collected the receipts he had before or after his principal ceased his official duties. The sureties failing to explain matters which evidently they could, the presumption is against them.

8. The court below properly rendered judgment against the sureties on the bond.

APPEAL from Travis. Tried below before Hon. W. M. Key.
The opinion states the case.

*McLean & Hynson,* for appellant.—1. The court erred in rendering judgment for plaintiff on the bond sued on, because the evidence shows that Arbuckle, the principal on said bond, accounted for and paid into the treasury of the State all moneys collected by him or in his possession by virtue of his office after the execution of said bond. The sureties on the bond in suit are only liable for the default of their principal occurring after the execution and approval of the bond on which they are sureties. The State v. Middleton's Sureties, 57 Texas, 185; Newcomer v. The State, 77 Texas, 286.

2. The court erred in rendering said judgment, because the evidence shows that whatever defalcation existed against said Arbuckle, if any,

occurred before the execution of the bond sued on, and while he was acting under a prior bond.

3. The court erred in rendering said judgment, because the evidence does not show the election and qualification of said Arbuckle as collector of taxes for Bowie County, and because the execution of the bond sued on was not proved.

*C. A. Culberson*, Attorney-General, and *James H. Robertson*, District Attorney, for appellee.—1. The error assigned, that judgment should not have been rendered for the State because the election and qualification of Arbuckle were not shown, is untenable. Should it be considered by the court, the statement of facts in the record shows that the bond sued on was duly executed and approved, and the oath of office taken. The testimony of the appellant Smelser shows that Arbuckle performed the duties of collector after the execution and approval of the bond sued on. Under such conditions the sureties are estopped to deny the election and qualification of their principal. Mech. Pub. Officers, secs. 296, 341.

2. Moreover, the execution of the bond not being put in issue by a plea of non est factum, the appellants can not now question or evade its operation. Poer v. Brown, 24 Texas, 34.

3. The State having shown the execution of the bond sued on, and introduced the account from the Comptroller's department evidencing the indebtedness claimed, a case was made authorizing recovery which was not overthrown by the appellants, upon whom the burden devolved. Hetten v. Lane, 43 Texas, 279; Polk v. The State, 77 Texas, 289.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted against Wm. Arbuckle as tax collector of Bowie County and the sureties upon his official bond, approved on the 17th day of December, 1888, to recover $3515.03 on account of taxes collected for the State and not accounted for. The cause was tried without a jury and judgment was rendered in favor of the State for the full amount sued for.

The evidence shows that Arbuckle succeeded himself as tax collector, and that the defendants who are now sued as sureties were also sureties on the preceding bond, which had one surety who did not become such on the last bond. It was proved that Arbuckle's account with the State for the year ending the 31st day of May, 1888, was behind for the sum of $7898.75, and that it was not fully paid up until the 4th day of December, 1888, when the balance then existing, which was $7000, was paid. Arbuckle, having been enjoined, did not collect any taxes subsequent to the 21st day of December, 1888.

J. H. Smelser, who was a defendant and who was one of the sureties on both bonds, testified that all taxes collected by Arbuckle after the bond of the 17th day of December, 1888, was executed were paid into

the State Treasury.   He testified that in the fall of 1888 Arbuckle delivered to him tax receipts signed by him as collector and ready for delivery for the taxes due by a number of parties, who were specified by the witness, for the year 1888, amounting in the aggregate to $9222.

This witness further testified as follows:   "I advanced most of the amounts shown by the tax receipts referred to in my testimony above, and afterward collected from the tax payers the sums advanced.   I do not know at what time I collected the money back, but it was within a short time, not later than the following January.   The several tax collections referred to in my testimony above were made in the following way:   I was on Arbuckle's bond, and the Comptroller was pressing a settlement of the account for the year ending May 1, 1888, and I took my private funds and remitted them to the Comptroller, directing him to apply the money to the settlement of Arbuckle's account for the year ending May 1, 1888, and Arbuckle delivered to me the several receipts above mentioned, and after this I collected from the parties named above their taxes, which I kept in lieu of the money I had remitted.   This money was applied on the account for the year ending May, 1888, by the direction of myself and the other sureties on the bond of date November, 1886.   The tax receipts held by me for the money that I advanced were for taxes due on the account for the year ending May, 1889."

It is contended that the judgment should have been for the defendants, because the evidence shows that all of the money collected by Arbuckle after the execution of the bond sued upon was paid into the State Treasury, and that the defalcation occurred before the execution of that bond.

The evidence does not leave it in doubt that the balance due the State on the last of May, 1888, was paid up and discharged on the 4th day of December, 1888.   The debt was then paid as it should have been by one of the parties bound for it out of his own private funds.   The tax collector had no right to indemnify his surety who made the payment by pledging to him the uncollected revenues of the State, nor by transferring any part thereof to him.   Notwithstanding the delivery to the surety of the signed tax receipts for unpaid taxes, such taxes were due to the State and not to the holder of the receipts until they were actually paid, and when they were paid the money was held in trust for the State by whoever received it.

This suit being upon the bond approved on the 17th day of December, 1888, the plaintiff can not recover unless the evidence shows that the defalcation is chargeable to the sureties on that bond.

The plaintiff made a prima facie case when it introduced the bond and the certified account from the Comptroller's department showing an indebtedness to the State.   In order to disprove the case so made it was the duty of the defendants to show that the money had been di-

verted before the bond sued upon was executed. We understand this to be the correct rule in every case of a suit upon the bond of an officer who succeeds himself. An officer charged with the collection of public moneys will be presumed in the absence of evidence to the contrary not to have violated his duty. Until he has properly accounted for such moneys it is his duty to keep them in his hands.

The evidence does not show whether or not the collections by the surety on the receipts delivered to him were made before or after Arbuckle ceased to be collector, nor whether the amounts collected were on hand in possession either of himself or his sureties when he ceased to act as collector. On account of the unusual character of the proceedings the facts were peculiarly within the knowledge of the defendants, and it was a strong case for the application of the presumption against them in the absence of the production by them of evidence fully explaining the disposition of the funds. Bruce v. United States, 17 How., 437; Hetten v. Lane, 43 Texas, 279; Murfree on Official Bonds, sec. 219.

It is complained that the court erred in rendering judgment for the plaintiff, because the evidence failed to show the election of Arbuckle or the execution of the bond. We think it sufficient to say that the plaintiff's case was made out in all respects.

The judgment is affirmed.

*Affirmed.*

Delivered May 26, 1891.