# ·CHARLESTON.

Town of Parsons *v.* Miller *et al.*

Submitted February 1, 1899—Decided April 8, 1899.

1. Evidence—*Municipal Corporations—Records.*

   The corporation books concerning the government of a city, town, or village, when they have been publicy kept, and the entries have been made by a proper officer, as well as duly-authenticated copies therefrom, are admissible evidence of the facts witnessed in them. (p. 336.)

2. Official Bond—*Sureties' Liability.*

   Sureties on an official bond are liable for money in the hands of their principal at the date of the bond, provided such money form a part of the fund which the bond was intended to secure, and came to the hands of the principal obligor in the course of a precedent term of office or employment. If they make the defense that the money was collected or otherwise came into the hands of the principal before the execution of the bond, it is incumbent upon them to show also that it was misapplied before that time. (p. 338.)

Error to Circuit Court, Tucker County.

Action by the town of Parsons against M. V. Miller and others. Judgment for defendants, and plaintiff brings error.

*Reversed.*

W. B. Maxwell and A. J. Valentine, for plaintiff in error.

L. Hansford, for defendants in error.

McWhorter, Judge:

The town of Parsons brought its action before M. F. Lipscomb, a justice of Tucker County, against M. V. Miller, late sergeant of the town, and S. A. Moore and L. M. Austin, sureties on his official bond, and filed an account, as bill of particulars, against the defendants, by name, as indebted to the town of Parsons, "on account of money had and received by said M. V. Miller, late town sergeant (on official

bond), $300.00," and filed the following notice: "Parsons, W. Va., Nov. 10, '96. At a meeting of the town council of Parsons held November 9th, 1896, the following motion was made and carried: 'On motion, it is ordered that M. V. Miller, late sergeant of this town, do pay over to L. H. Layten, the present sergeant, all money due the town from him as late town sergeant, and that L. H. Layten, town sergeant, is directed to present a copy of the above order to the said M. V. Miller, and demand immediate payment. F. M. Kelly, Recorder. Wm. G. Conley, Mayor.' Executed the within notice by delivering to the withinnamed M. V. Miller a true copy hereof this the tenth day of November, 1896. L. H. Layten, Town Sergeant." The defendants made no answer either oral or in writing. The justice heard the case, and rendered judgment for plaintiff for eighty-six dollars and fifty-eight cents, with interest and costs. Plaintiff appealed from this judgment to the circuit court. On the 12th of March, 1898, a jury was impaneled to try the case; the plaintiff introduced its evidence, to which evidence the defendants demurred, and in which plaintiff joined; the defendants offered no evidence; and under the direction of the court the jury returned the following verdict: "If the law be for the plaintiff, then we, the jury find for the plaintiff, and assess its damages at $249.50; but, if the law be for the defendants, then we find for the defendants." The court took time to consider of the demurrer, and on the 21st day of June, 1898, entered an order sustaining the demurrer, and giving judgment for defendants for costs. In the course of the trial, plaintiff took three several bills of exception, which were duly signed and made a part of the record. The plaintiff sued out a writ of error, and assigns as error the refusal of the court to permit plaintiff to give in evidence the settlement referred to in, and made part of, the first bill of exceptions, which says 'that upon the trial of this case a settlement made with M. V. Miller as town sergeant, dated on the 31st day of August, 1895, in the words and figures following, to wit, was offered to be introduced in the evidence of C. W. Minear: 'The finance committee submitted the following report, ending Aug. 1st, 1895: M. V. Miller, Sergeant, Dr.,' "—then proceeds to give a number of items under the "Dr." column and a number under the "Cr." col-

umn and striking a balance and signed "J. R. Seiler M. H. Godwin R. F. Rightmire Committee." To the introduction of which defendants objected and the objection was sustained, and exception taken. There is nothing to connect this report in any manner with the records of the town council. It does not purport to be a part of the record of plaintiff, or a copy fom its minutes; and, while the bill of exceptions says it "was offered to be introduced in the evidence of C. W. Minear," the only evidence found in the record of any "Minear" is the following, without caption or closing interjected into a deposition of witness Howard Shaffer: "Mr. Minear: Q. What office do you hold? A. Recorder of the town of Parsons. Q. What is this book? A. Record Book." With nothing more to show its connection with the case, it was properly rejected as evidence.

The second assignment is for error in refusing to permit plaintiff to give in evidence the settlement referred to in, and made a part of, bill of exception No. 2, introduced and offered as evidence with the evidence of R. F. Rightmire. The evidence offered was a settlement made with M. V. Miller, town sergeant from the 1st day of February to September 21, 1895. This report of settlement is made out precisely in the same form as the former, and signed by a committee of the council, and in addition is shown to have been by the town council made a matter of record, and is identified and proven by the record of the town council, by witness Howard Shaffer, and by witness Rightmire, who was a member of the council committee who made the settlement. "The corporation books concerning the government of a city or town, when they have been publicly kept, and the entries have been made by a proper officer, are admissible evidence of the facts witnessed in them." Starkie, on Ev. 308; *Grafton* v. *Reed*, 34 W. Va. 172. (12 S. E. 767 Syl., point 2). This settlement should have been admitted. It showed a balance due from Miller to the town at that date (September 21, 1895) of six hundred and sixty-three dollars and ninety-two cents. Of the items of debit in this settlement on account, among others, was one item of eight hundred and twenty-seven dollars and thirty-nine cents, tax receipts for 1895.

The third assignment is the refusal of the court to allow witness Rightmire to answer the following question:

touching the balance found due the town, on settlement, of six hundred and sixty-three dollars and ninety-two cents: "At that time what was it Mr. Miller brought in to represent the 663?" As the answer could only concern, and probably prove, offsets of the defendant Miller, the ruling could not be prejudicial to plaintiff, and is no cause of complaint on its part.

Plaintiff introduced in evidence the official bond of M. V. Miller, with S. A. Miller and L. M. Austin as his sureties, in the penalty of one thousand five hundred dollars, dated September 23, 1895, filed and approved September 23, 1895, and the notice, with the evidence of service thereof upon said M. V. Miller, requiring him to pay over to his successor all money due from him, as late sergeant, to the town, under which order it was his duty to pay it over to his successor, unless he had legal grounds for refusing to so pay it. *Board* v. *Parsons*, 22 W. Va. 308 (Syl., point 2). Plaintiff introduced as a witness Howard Shaffer, recorder of said town in 1897, who testified from the record that M. V. Miller resigned his office of sergeant September 18th, and on the 21st the settlement was made which showed Miller due the town six hundred and sixty-three dollars and ninety-two cents, which balance was carried to his final settlement to the council January 30, 1896; that the balance at that time was three hundred and ninety-two dollars and ninety cents; that that amount was carried into another settlement of the council for 1896, had July 10, 1896, in which last settlement Miller was erroneously charged with sixty-eight dollars and twenty-eight cents taxes. "Q. What is that error? A. Taxes in settlement of September, '95. He was charged with them, and that balance was credited afterwards in this settlement. Mr. Miller owed a balance of $317.35, and by taking balance of $68.25 would leave still owing the town $249.50. Q. State whether you were recorder of the town at the time this suit was instituted. A. I was. Q. Was that amount the amount the town brought suit against him for? A. I think the suit was brought for $3.00, but we only claimed $249.50." This evidence of witness Shaffer is without objection on the part of defendants, as is also the introduction of the record book of the town, upon which he testifies, and the bond, and the notice to pay the

money.    There is nothing in the record to show what the contention of defendants is,—whether they claim simply that the principal defendant is not indebted to the town, or whether they would throw the liability on the sureties in a former bond, except by implication the inference may be gathered from the cross-examination of witness Shaffer, where they prove the fact that a former bond was given; "Sureties on an official bond are liable for moneys in the hands of their principal at the date of the bond, provided such money forms a part of the fund which the bond was intended to secure, and came to the hands of the principal obligor in the course of a precedent term of office or employment.    If they make the defense that the money was collected, or otherwise came into the hands of their principal, before the execution of the bond, it is incumbent upon them to show also that it was misapplied before that time." Murfree, Off. Bonds, section 636; *Hetten* v. *Lane*,    43 Tex. 279.    While this evidence was admitted without objection, and is amply sufficient to support the verdict of a jury, the defendants' demurrer admits it to be true.    *Lee's Ex'rs* v. *Bridge Co.*,  18 W. Va. 299.    In *Heard* v. *Railroad Co.*, 26 W. Va. 455, it is held that, "if the evidence is such that the court ought not to set aside the verdict of a jury in favor of the demurree, then upon a demurrer to that evidence the court should give judgment against the demurrant." For the reasons herein given the judgment of the circuit court is reversed and judgment is entered in this Court upon the verdict of the jury for two hundred and forty-nine dollars and fifty cents in favor of the plaintiff.

*Reversed.*