## WISEMAN v. POLLEY et al. (No. 6994.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1923. Rehearing Denied Oct. 31, 1923.)

Insane persons ⬤⚓45—Guardian's surety not liable for misappropriation of funds occurring during existence of prior bond.

Where misappropriation of money of insane person by his guardian occurred before a bond was given, and during the existence of an earlier bond to which the surety on the bond subsequently given was not a party, such surety was not liable.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by R. A. Wiseman, as guardian of C. S. Polley, a person of unsound mind, against A. H. Polley and the American Surety Company of New York. On suggestion of the death of the ward, and appointment of plaintiff as administrator of his estate, the suit was prosecuted in such capacity. Judgment for plaintiff against defendant A. H. Polley, but in favor of the American Surety Company, and plaintiff appeals. Affirmed.

Boyle, Ezell & Grover, of San Antonio, for appellant.

E. D. Henry and Bickett & Bickett, all of San Antonio, for appellees.

FLY, C. J. This is a suit instituted by appellant, as guardian of the person and estate of C. S. Polley, a person of unsound mind, against A. H. Polley, former guardian of said person, and the American Surety Company of New York, the surety on his bond, to recover the sum of $918.24, the amount alleged to be due the estate of said insane person by A. H. Polley. Afterwards the death of said C. S. Polley was suggested, and the appointment of R. A. Wiseman as administrator of the estate of said Polley was made, and said administrator was allowed to prosecute this suit in that capacity. The cause was tried, without a jury, and judgment rendered in favor of appellant as against A. H. Polley for $1,211.63, principal and interest, and in favor of the American Surety Company as against appellant. This appeal is prosecuted by appellant.

The court in his findings of fact concluded that the facts showed that A. H. Polley, as guardian of the estate of C. S. Polley, a person of unsound mind, in response to an order of the county court, filed the bond, which is the basis of this suit against the surety, on

May 29, 1913, and the same was approved; that the indebtedness or loss claimed arose prior to the filing and approval of the bond sued on, and during the existence of a bond to which the surety company was not a party. A. H. Polley is insolvent, and no claim could be collected from him. No suit was ever brought on the other bond given by A. H. Polley. The loss sued on, it was found by the court, occurred between 1898 and 1906. On February 8, 1916, A. H. Polley was removed as guardian by the county court, and it was ordered that the surety company "be and it is hereby discharged from all liability for the future acts of said A. H. Polley as guardian." Appellant was appointed guardian on April 4, 1917, and qualified on April 19, 1917. On July 5, 1917, A. H. Polley filed an account which showed an indebtedness to his ward of $918.24. The surety company had no knowledge of the filing of said account or the order thereon. The court further found that A. H. Polley had in cash $800 not shown to belong to the estate during the life of the bond sued on, but did not place any of it to the credit of the estate of his ward, nor did he deliver any money or property to appellant as he was ordered and directed to do by the county court.

The facts clearly showing that the appropriation of the money of the ward occurred during the existence of the first bond given by the guardian to which the surety company was not a party, the conclusion of this court is that said company, in the absence of a provision in the bond for liability for any former misappropriation of funds belonging to the insane person, cannot be held liable for such misappropriation. We think a review of authorities will show that this proposition is fully sustained.

In the case of Hetten v. Lane, 43 Tex. 279, the Supreme Court said:

"It is contended that by the terms of the bond it was prospective, and that the sureties were only bound for moneys collected after the bond was given and not for delinquencies prior to that time. This proposition is believed to be correct to the extent that for moneys collected and misapplied before the bond the sureties were not liable. * * * But it seems that moneys on hand at the time of his appointment would be from that time in his hands officially, and that the burden of showing a previous misappropriation would devolve on the sureties."

The court in the present case found that the conversion took place during the life of the first bond, and that fact, which is not controverted, would preclude a recovery against the surety company. American Bonding Co. v. Fountain (Tex. Civ. App.) 196 S. W. 675; Brandt Sure. & Guar. §§ 625, 647.

There is no necessity for discussing the other assignments of error, and they will be overruled.

The judgment is affirmed.